IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHAROUN CHAMPASOUK,            )
                               )
           Petitioner,         )
                               )
v.                             )   Case No. CIV-06-1377-M
                               )
ALBERTO GONZALES, *et al.*,    )
                               )
           Respondents.        )

## REPORT AND RECOMMENDATION

Mr. Champasouk seeks federal habeas relief based on his continued detention by the Immigration and Customs Enforcement office. But Mr. Champasouk was released during the pendency of this action and the Respondents seek dismissal based on mootness. The Respondents are correct and the Court should dismiss the action.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). An action becomes moot when the court cannot grant "any effectual relief whatever" to a prevailing party. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

Mr. Champasouk challenges his continued detention and requests release. *See supra* p. 1. In support of the dismissal request,[1] the Respondents have filed documents reflecting release of Mr. Champasouk. Because the Petitioner has been released, the desired relief is

---

[1] Mr. Champasouk has not responded to the Respondents' request for dismissal and his deadline has expired.

no longer available and the Court should dismiss the action as moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (alien's habeas challenge to legality of detention was deemed moot following the execution of a removal order and the petitioner's release from custody).

The Petitioner can object to this report and recommendation. To do so, Mr. Champasouk must file an objection with the Clerk of this Court. The deadline for objections is April 16, 2007. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The referral is terminated.

Entered this 27th day of March, 2007.

Robert E. Bacharach
United States Magistrate Judge